John Hamlin, Esq.
NV Bar #1687, Federal Bar #13-205
PO Box 21478
12717 Silver Lane
Oklahoma City, OK 73156
(405) 834-7172
jhhamlin@att.net

United States District Court for the Western District of Oklahoma

JOHN HAMLIN, MD PC
an Oklahoma professional corporation,
corporately and as class representative
on behalf of all others similarly situated,

       Plaintiff

    vs.

MICORSOFT CORPORATION,
a foreign corporation

       Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-22-1085-SLP

<u>CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF AND/OR DAMAGES,</u>

<u>TREBLE DAMAGES AND RESTITUTION</u>

Plaintiff John Hamlin MD PC, corporately and on behalf of all others similarly situated alleges as and for its Class Action Complaint against defendant Microsoft Corporation upon personal knowledge as to itself and its own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation and communication made by its attorney, as follows:

INTRODUCTION

1. In this action plaintiff as a class action representative seeks an injunction to require defendant Microsoft Corporation to reinstate its previously provided means for purchasers of Microsoft Office 2003 software editions to activate or reactivate its purchased Microsoft Office 2003 software editions when defendant Microsoft Corporation intentionally removed all methods of activation or reactivation. Alternatively, plaintiffs requests damages and restitution in the amount Microsoft Corporation has received from all its sales or licensing of Microsoft Office 2003 software in the United States and its territories when Microsoft Corporation intended to remove all methods of activation without disclosing that intent prior to sale and license which may be in excess of $1,000,000,000.00 along with treble damages as provided by Washington State Consumer Protection Act and punitive damages.

PARTIES

2. Plaintiff John Hamlin, MD PC is a Oklahoma Professional Corporation and is a class representative on behalf of all others similarly situated who purchased a license to any edition of Microsoft Office 2003 software with an End User License Agreement, EULA, without an expiring activation date.

3. Class members the number of which is unknown until class action discovery is complete and revealed by defendant Microsoft Corporation, are also citizens of the state of Oklahoma or other states and based on information and belief the number of class members who purchased a license to any edition of Microsoft Office 2003 with an End User License Agreement, EULA, without an expiring activation date may exceed 100,000,000.

4. Defendant Microsoft Corporation is a foreign corporation doing business in the

1  State of Oklahoma.

2  <u>JURISDICTION AND VENUE</u>

3  5. This Court has subject matter jurisdiction of the claims asserted herein

4  pursuant to 28 U.S.C. §1332(d)(2)(A) in that the amount in controversy exceeds

5  the sum or value of $5,000,000, exclusive of interest and costs, and is a class

6  action in which members of the putative plaintiff class are citizens of States

7  different from Defendants.

8  6.    Venue lies in the Western District of Oklahoma pursuant to 28 U.S.C. §

9  1391(c)(2) as this is a district in which plaintiff has done business and in which

10  defendant has transacted business and has a resident agent.

11  <u>NAMED PLAINTIFF'S FACTUAL ALLEGATIONS,</u>

12  7.  Plaintiff incorporate paragraphs 1 through 6 of the complaint as if fully

13  stated herein.

14  8. Microsoft Corporation produced various editions of Microsoft Office 2003

15  software including Basic, Student and Teacher, Standard, Small Business,

16  Professional and Small Business Management.

17  9. Microsoft Corporation offered for sale licenses to the Microsoft Office 2003

18  software editions.

19  10. Microsoft Corporation sold licenses to the public in the United States

20  and its territories, either directly or through retailers or bundled software for

21  computers sold by third party vendors to the public, for Microsoft Office 2003

22  editions including Basic, Student and Teacher, Standard, Small Business,

23  Professional and Small Business Management requiring activation using a

24  Product Key.

25  11. Plaintiff and others including class members purchased licenses of

Microsoft Corporation's Microsoft Office 2003 software some of which have never been used or activated using a Product Key with one Product Key: VGJYM-6F4XW-7TTT8-RP4PR-8HFR6.

12. Defendant Microsoft' Corporation's End User License Agreement, EULA, grants purchasers a license to use the software. See attachment 1.

13. Defendant Microsoft Corporation's End User License Agreement, EULA, had no time limit on the usage of Microsoft Office 2003 editions.

14. Defendant Microsoft Corporation's End User License Agreement, EULA, for Microsoft Office 2003 software editions had no expiring activation date.

15. Defendant Microsoft Corporation's Microsoft Office 2003 software editions will not operate without being activated using a Product Key.

16 Defendant Microsoft Corporation's Microsoft Office 2003 software editions will not function without being activated using a Product Key.

17. Defendant Microsoft Corporation's Microsoft Office 2003 software editions will not run without being activated using a Product Key.

18. Defendant Microsoft Corporation's Microsoft Office 2003 software editions will not work without being activated using a Product Key.

19. Defendant Microsoft Corporation requires legally purchased licenses of all Microsoft Office 2003 software editions to be activated or reactivated in order to be used. See paragraph 2.1 of attachment 1.

20. Defendant Microsoft Corporation's End User License Agreement, EULA, has no time limit on the activation or reactivation of legally purchased licenses of Microsoft Office 2003 software editions.

21. Defendant Microsoft Corporation provided means to activate or reactivate legally purchased licenses of Microsoft Office 2003 software editions.

22. Defendant Microsoft Corporation provided an Internet means to activate legally purchased licenses of Microsoft Office 2003 software editions including Basic, Student and Teacher, Standard, Small Business, Professional and Small Business Management.

23. Defendant Microsoft Corporation provided a telephone means to activate legally purchased licenses of Microsoft Office 2003 software editions including Basic, Student and Teacher, Standard, Small Business, Professional and Small Business Management.

24. At sometime in the past unknown to plaintiff at this time, defendant Microsoft Corporation cancelled and removed the Internet and telephone process to activate or reactivate legally purchased licenses of Microsoft Office 2003 software editions.

25. As of the date of filing this petition defendant Microsoft Corporation has cancelled and removed its previously provided means to activate or reactivate legally purchased licenses of Microsoft Office 2003 software editions. See attachment 2.

26. Request has been made to defendant Microsoft Corporation to reinstate its previously provided means to activate or reactivate legally purchased licenses of Microsoft Office 2003 software editions.

27. Defendant Microsoft Corporation refused and refuses to provide its previously provided means to activate or reactivate legally purchased licenses of Microsoft Office 2003 software editions.

28. Plaintiff and class members allege upon information and belief that during the time when all editions of Microsoft Office 2003 software were marketed and sold, Defendant Microsoft Corporation intended to remove the means to

activate/reactivate all Microsoft Office 2003 software editions via Internet and telephone.

29. None of defendant Microsoft Corporation's Microsoft Office 2003 software editions licensing agreement revealed that Microsoft Corporation intended to remove the means to activate/reactivate Microsoft Office 2003 software editions via Internet and telephone.

30. None of defendant Microsoft Corporation's Microsoft Office 2003 software editions product information revealed that Microsoft Corporation intended to remove the means to activate/reactivate its Microsoft Office 2003 software editions via Internet and telephone.

31. None of defendant Microsoft Corporation's Microsoft Office 2003 software editions product advertising revealed that Microsoft Corporation intended to remove the means to activate/reactivate its Microsoft Office 2003 software editions via Internet and telephone.

32. Defendant failed to notify plaintiff and class members that it intended to remove the means to activate/reactivate its Microsoft Office 2003 software editions via Internet and telephone.

33. Defendant refused to notify plaintiff and class members that it intended to remove the means to activate/reactivate its Microsoft Office 2003 software editions via Internet and telephone.

34. Defendant Microsoft Corporation refuses to reinstate its previously provided Internet and telephone activation systems for Microsoft Office 2003 software editions.

35. Based upon information and belief, plaintiff alleges that defendant Microsoft Corporation has refused to reinstate Microsoft's' Internet process of

activating all Microsoft office 2002 software editions.

36. Based upon information and belief, plaintiff alleges that defendant Microsoft Corporation will refuse to reinstate Microsoft's' telephone process of activating all Microsoft office 2002 software editions.

37. Based upon information and belief, plaintiff alleges that defendant Microsoft Corporation may make Microsoft Office 2003 software editions inoperable on defendant Microsoft Corporation's past computer operating systems, current computer operating systems or future computer operating systems.

38. Based upon information and belief, plaintiff alleges that defendant Microsoft Corporation has made Microsoft Office 2003 software editions inoperable on defendant Microsoft Corporation's past computer operating systems, current computer operating systems or future computer operating systems.

39. Based upon information and belief plaintiff alleges that defendant Microsoft Corporation will make Microsoft Office 2003 software editions inoperable on defendant Microsoft Corporation's past computer operating systems, current computer operating systems or future computer operating systems.

40. Defendant Microsoft Corporation's End User License Agreement, EULA, paragraph 21 states that the End User License Agreement, EULA is governed by the laws of the State of Washington.

41. If any of paragraphs 8 through 10 and 12 through 40 are denied, plaintiff alleges that Defendant Microsoft Corporation provided false and fraudulent information to its attorneys.

42. If defendant Microsoft Corporation alleges that it is without sufficient information to admit or deny any of paragraphs 8 through 10 and 12 through 40, plaintiff alleges that Defendant Microsoft Corporation provided false and fraudulent

information to its attorneys.

CLASS ACTION ALLEGATIONS

43. Plaintiff incorporate paragraphs 1 through 42 of the complaint as if fully stated herein.

44.    Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of FRCP 23(a), (b)(2) and (b)(3) are met with respect to the class defined below.

**A.    Class Definition(s)**

45.    The Class consists of:

All persons or entities that legally purchased any of Microsoft Office 2003 software editions with an End User License Agreement, EULA, without an expiring activation date either from Microsoft, retailers or a bundled software sold with computers in which defendant Microsoft Corporation has removed all previous methods of activation or reactivation. Defendant Microsoft Corporation has a list all activated software and a list of all sold software.

**B.    Numerosity**

46.    At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of defendant Microsoft Corporation's sale of Microsoft Office 2003 editions, Plaintiffs believe that the Class members are so numerous in excess of 100,000,000 that joinder of all members is impracticable. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and with the help of defendant Microsoft Corporation that has records of licensees and activation.

**C.    Commonality**

47.    There are questions of law or fact common to the class, including at

least the following:

(a)    Whether defendant Microsoft Corporation sold licenses of Microsoft Office 2003 editions to the public and the class.

(b)    Whether defendant Microsoft Corporation's End User License Agreement, EULA, for its Microsoft 2003 Office software versions had an expiring activation date.

(c)    Whether defendant Microsoft Corporation sold licenses of Microsoft Office 2003 editions to the public and the class with the intent that activation or reactivation of the Microsoft Office 2003 editions would be time limited.

(d)    Whether defendant Microsoft Corporation informed the purchasers and the class of Microsoft Office 2003 editions that there would be a time limit for the activation or reactivation of Microsoft Office 2003 editions.

(e)    Whether defendant Microsoft Corporation when advertising its Microsoft Office 2003 editions informed the public and the class that there would be a time limit for the activation or reactivation of Microsoft Office 2003 editions.

(f)    Whether defendant Microsoft Corporation's End User License Agreement disclosed that there would be a time limit for the activation or reactivation Microsoft Office 2003 editions.

(g)    Whether Defendant Microsoft Corporation's conduct violated the Washington State Consumer Protection Act and/or common law fraud;

(h)    Whether Microsoft Corporation's conduct requires an injunction requiring it to restore activation or reactivation service for Microsoft Office 2003 editions for the benefit of plaintiff and other members of the class.

(i)    Whether Plaintiff and other members of the Class are entitled to damages, treble damages and restitution for all Microsoft Office 2003 editions purchased by plaintiff and the Class if Microsoft Corporation cannot provide the previously provided activation/reactivation methods.

**D.    Typicality**

48.    Plaintiff has the same interests in this matter as all other members of the Class, and its claims are typical of all members of the class in that the End User License Agreement for plaintiff and all other members of the Class had no expiring activation date.

**E.    Adequacy**

49.    Plaintiff is committed to pursuing this action and has retained counsel to litigate these issues. Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class other than obtaining an injunction requiring defendant to reinstate activation services for its Microsoft Office 2003 software versions or restitution, damages, treble damages and punitive damages if the previously provided Internet and telephone activation service cannot be reestablished.

**F.    The Prerequisites of Rule 23(b)(2) are Satisfied**

50.    The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. Civ. P. 23(b)(2) exist as defendant Microsoft Corporation has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

51.    The prosecution of separate actions by members of the class would create a risk of establishing incompatible standards of conduct for defendant. For

example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of Class members, who would not be parties to those actions.

52.    Defendant Microsoft Corporation's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia,* equitable remedies with respect to the class as a whole.

53.    Defendant Microsoft Corporation's systemic policy and practices make declaratory relief with respect to the class as a whole appropriate.

**G.    The Prerequisites of Rule 23(b)(3) are Satisfied**

54.    This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class defined above.

CAUSE OF ACTION AND CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

55.  Plaintiff incorporate paragraphs 1 through 54 of the complaint as if fully stated herein.

56. Defendant Microsoft Corporation's marketing and sale of Microsoft Office

2003 software editions with non-disclosure to purchasers that the means to activate/reactivate its Microsoft Office 2003 software editions via Internet and telephone would in the future be removed amounts to marketing and sales fraud.

57. A permanent injunction is need to compel defendant Microsoft Corporation to provide a means to forever activate/reactivate its Microsoft Office 2003 software editions via Internet and telephone as Microsoft Corporation previously provided via Internet and telephone before Microsoft Corporation's removal of that process.

58. If a permanent injunction is granted, any day defendant Microsoft Corporation refuses or fails to provide the activating/reactivating process of its Microsoft Office 2003 software editions via Internet and telephone as Microsoft Corporation previously provided, penalties of $10,000,000 per day of refusal or failure to provide the activating/reactivating process of its Microsoft Office 2003 software editions via Internet and telephone as Microsoft Corporation has previously provided.

<u>SECOND CLAIM FOR RELIEF</u>

59.  Plaintiff incorporates paragraphs 1 through 58 of the complaint as if fully stated herein.

60. Defendant Microsoft Corporation's refusal to reinstate a means to activate or reactivate legally purchased Microsoft Office 2003 software editions when given notice of the inability to activate or reactivate Microsoft Office 2003 software editions results in damages to all class action purchasers in the amount that defendant Microsoft Corporation has received from the purchases, either directly, through retailers or as bundled software sold with computers by third parties.

61. Defendant Microsoft Corporation's refusal to reinstate a means to activate

or reactivate legally purchased Microsoft Office 2003 software editions when given notice of the inability to activate or reactivate Microsoft Office 2003 software editions is intentional, fraudulent and malicious.

62. Plaintiff and class members are entitled to damages and restitution for the cost of purchase of the Microsoft Office 2003 software editions products that can no longer be activated or reactivated.

## THIRD CLAIM FOR RELIEF

63. Plaintiff incorporates paragraphs 1 through 62 of the complaint as if fully stated herein.

64. Defendant Microsoft Corporation intentionally and fraudulently marketed and sold licensing agreements for Microsoft Office 2003 software editions when intending to cancel activation or reactivation of the product without disclosure of that fact to the public, purchasers or class members prior to purchase.

65. Plaintiff and class members are entitled to damages and restitution for the cost of purchase of the Microsoft Office 2003 software editions products when the activation or reactivation was removed by Microsoft Corporation after the sale of the licensing agreement.

66. Plaintiff and class members are entitled to punitive damages from defendant Microsoft Corporation's intentional acts of fraud for products sold that can not be activated or reactivated.

## FORTH CLAIM FOR RELIEF

67. Plaintiff incorporates paragraphs 1 through 66 of the complaint as if fully stated herein.

68. Defendant Microsoft Corporation intentionally, falsely and fraudulently advertised its product Microsoft Office 2003 software editions never revealing that

defendant Microsoft Corporation intended to limit the term period within which its product Microsoft Office 2003 software editions could be activated or reactivated.

69. Plaintiff and class members are entitled to damages and restitution for the cost of purchase of the Microsoft Office 2003 software editions products that can no longer be activated or reactivated.

70. Plaintiff and class members are entitled to punitive damages for defendant Microsoft Corporation's intentional acts of fraud for products sold that can not be activated or reactivated.

## FIFTH CLAIM FOR RELIEF

71. Plaintiff incorporate paragraphs 1 through 70 of the petition as if fully stated herein.

72. Plaintiff alleges upon information and belief that defendant Microsoft Corporation has instituted a means in which its Microsoft Office 2003 software editions are prevented from operating in its past, present or future Microsoft computer operating systems.

## SIXTH CLAIM FOR RELIEF

73. Plaintiff incorporate paragraphs 1 through 72 of the petition as if fully stated herein.

74. Plaintiff alleges upon information and belief that defendant Microsoft Corporation will instituted a means in which its Microsoft Office 2003 software editions are prevented from operating in its past, present or future Microsoft computer operating systems.

## SEVENTH CLAIM FOR RELIEF

75. Plaintiff incorporate paragraphs 1 through 74 of the petition as if fully stated herein.

76. Washington State has a Consumer Protection Act, RCW 19.86.020

77. Washington State's Consumer Protection Act provides for injunctive and treble damage relief.

78.  Defendant Microsoft Corporation's acts or practices as alleged in paragraphs 1 through 74 had the capacity to deceive substantial portions of the public, and or is an unfair or deceptive act or practice not regulated by statute but in violation of public interest.

79. The above actions of defendant Microsoft Corporation resulted in an unfair or deceptive act in that defendant Microsoft Corporation failed to disclose that there would be a time limit placed on the activation or reactivation of its Microsoft Office 2003 software editions and that such practice on the part of the defendant Microsoft Corporation had the capacity to deceive a substantial portion of the public.

80. Defendant Microsoft Corporation committed such an act in the conduct or trade of commerce.

81. Defendant Microsoft Corporation's acts complained of effect the public interest.

82. Plaintiff and class members were injured.

83. Plaintiff and class members were injured by such violations of the Washington State Consumer Protection Act.

<u>DEMAND FOR JURY TRIAL</u>

84. Plaintiff incorporate paragraphs 1 through 83 of the petition as if fully stated herein.

85. Plaintiff demands a jury trial for monetary damages, treble damages, punitive damages and restitution if a permanent injunction is not agreed upon or is not granted by summary judgment and the matter goes to trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests the following relief:

1. A permanent injunction requiring defendant Microsoft Corporation provide its previously provided means of activating/reactivating its Office 2003 software editions via Internet and telephone that Microsoft Corporation previously provided before its intentional cancellation and removal, that the activation/reactivation of Microsoft Office 2003 software editions be available on all of Microsoft Corporation's past, present and future computer operating systems and damages and penalties of $10,000,000 per day if defendant Microsoft Corporation refuses or fails to provide the activating/reactivating its Microsoft Office 2003 software editions via Internet and telephone as required by the permanent injunction.

2. Damages and restitution in the amount to be determined for the gross amount defendant Microsoft received in the licensing of Microsoft Office 2003 software editions in the United States and its territories in excess of $5,000,000 which may be between $10,000,000,000 and $30,000,000,000 to be refunded to all class action purchasers if defendant refuses to comply with a permanent injunction requiring defendant Microsoft Corporation to provide the previous means of activating/reactivating its Office 2003 software editions via Internet and telephone as Microsoft Corporation provided before intentional cancellation and removal of the activation/reactivation of Microsoft Office 2003 software editions.

3. Damages and restitution in the amount to be determined for the gross amount defendant Microsoft received in the licensing of Microsoft Office 2003 software editions in the United States and its territories in excess of $5,000,000 which may be between $10,000,000,000 and  $30,000,000,000  to be refunded to all class action purchasers if a permanent injunction to require activation/reactivation

1   is not agreed upon or is not granted by summary judgment and the matter goes to

2   trial.

3       4. Damages and treble damages for plaintiff and each class member as

4   provided by Washington State's Consumer Protection Act for defendant Microsoft

5   Corporation's intentionally and fraudulently marketing and selling Microsoft Office

6   2003 editions' license agreements when it intended to stop its activation or

7   reactivation services if a permanent injunction to require activation/reactivation is not

8   agreed upon or is not granted by summary judgment and the matter goes to trial.

9       5. Punitive damages for each class member for defendant Microsoft

10  Corporation's intentionally and fraudulently marketing and selling Microsoft Office

11  2003 editions' license agreements when it intended to stop its activation or

12  reactivation services if a permanent injunction to require activation/reactivationis not

13  agreed upon or is not granted by summary judgment and the matter goes to trial.

14      6. Costs of suit and attorneys fees.

15

16  Dated this 21st day of December, 2022.

17

18                          /s John Hamlin   __
                            JOHN HAMLIN
19                          NV Bar #1687, Federal Bar #13-205
                            PO Box 21478
20                          12717 Silver Lane
                            Oklahoma City, OK 73156
21                          Tel. (405) 834-7172
                            jhhamlin@att.net
22

23

24

25